The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* R. A. McNALLY (No. 3737)[1]

United States Court of Customs and Patent Appeals, March 19, 1934

*Charles D. Lawrence,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney, of counsel), for the United States.

No appearance for appellee.

[1] T. D. 46973.

[Oral argument February 12, 1934, by Mr. Lawrence; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported at the port of Los Angeles certain goods invoiced as 6-inch globe balls, which were classified by the collector for duty under paragraph 1413 of the Tariff Act of 1930, as manufactures of paper. The importer protested, alleging several grounds of protest as follows: That they were manufactures of papier mâché, not specially provided for, under paragraph 1403, as not enumerated unmanufactured or manufactured substances under paragraph 1558, or as maps, at 25 per centum ad valorem under paragraph 1410, of said act.

The protest was sustained under said paragraph 1410 by the United States Customs Court, and the Government has appealed.

The relevant portions of the paragraphs involved are as follows:

PAR. 1413. * * * manufactures of paper, or of which paper is the component material of chief value, not specially provided for, all the foregoing, 35 per centum ad valorem * * *.

PAR. 1403. * * * manufactures of papier-mâché, not specially provided for, 25 per centum ad valorem * * *.

PAR. 1410. * * * blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts, 25 per centum ad valorem * * *.

The collector reported the goods to be "instruments in chief value of paper." A sample of the goods is before the court and consists of a ball, or globe, with a representation of the terrestrial globe upon the outside thereof, showing the various countries in contrasting colors, the seas, the meridians and parallels, and the identifying names of various cities, countries, rivers, and other bodies of water. At each pole a small brass cap appears, to which caps are fastened, pivotally, a semicircular brass piece, evidently intended as a part of the mounting of the globe when fully equipped. No proof of any kind appears in the record as to the chief value of the material of which the imported articles are made, and this feature of the case must, therefore, rest upon the presumption created by the collector's classification.

One witness was called in the trial court on behalf of the importer, A. A. Belford, a publisher and seller of merchandise similar to that here imported. An attempt was made to establish by his testimony a commercial designation of the articles here imported, as maps. The testimony of this witness was held by the trial court not to establish commercial designation, as claimed. In this respect we agree with the trial court. While it is likely that the witness was qualified to testify as to commercial designation, an inspection of his testimony discloses that he established no commercial designation of these

globes different from the ordinary meaning. It appears from this testimony that when articles such as those here involved were sold by the witness they were invariably ordered and sold as globes, and not as maps. The best that can be said for this testimony is that the witness gave it as his opinion that, in its common and ordinary meaning, a globe was a kind of map.

We must, therefore, look to the common meaning of the word "map" in order to ascertain whether the imported articles are, or are not, maps. The burden was upon the importer to establish that they were, and that the collector was wrong.

Webster's New International Dictionary (1932) thus defines the word "map":

map 1. A representation (usually on a flat surface) of the surface of the earth, or of some portion of it, showing the relative size and position, according to some given scale or projection, of the parts represented; also, such a representation of the celestial sphere, or of some part of it.

Funk & Wagnalls' New Standard Dictionary (1931) describes the word thus:

map. A representation, usually a plane projection, of any region or expanse; a chart; specif., a delineation of land or land and water, showing the extent and relative position of geographical features, and conveying topographic or other information.

On the other hand, the word "globe" is thus defined by Webster:

globe 3. A round model or spherical representation of the earth or heavens; as, a terrestrial or celestial globe.

The word is thus defined by Funk & Wagnalls':

globe 1. A round or spherical body; ball; sphere. 2. Specifically, the earth: with the definite article. 3. An artificial sphere on whose convex surface is drawn a representation of the geography of the earth or of the heavens.

Under the Tariff Act of 1922, the United States Customs Court had the classification of similar globes under consideration on two occasions. The first occasion was Abstract 17634, 60 Treas. Dec. 1329, in the matter of the protest of Halle Bros., and the other occasion was in Abstract 17693, 60 Treas. Dec. 1340, the protest of Rand-McNally Co. In each of these cases, Presiding Judge Fischer, speaking for the court, held that there had been no proof of commercial designation established, and that the imported articles should be classified as manufactures of paper.

The trial court calls attention, in its decision herein, to *Robinson* v. *United States*, Abstract 15238, 59 Treas. Dec. 1568. In that case, which was under the Tariff Act of 1930, the merchandise consisted of inflated globe maps in chief value of silk, which were classified as manufactures of silk and claimed to be maps. The trial court sustained the protest. This court is not advised as to the state of the

record in the last-cited case, hence it cannot be said that that case was the same in its facts as the one here and now presented. In any event, this decision seems to be in conflict with Abstracts 17634 and 17693, hereinbefore cited.

The court is of opinion that the imported goods in this case were properly classified by the collector, and the judgment of the United States Customs Court is *reversed*.